UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEAST DIVISION

| | |
|---|---|
| LORNA NEWLIN,              ) | |
| )  | |
| Plaintiff,              ) | |
| )  | Civil Action No. _____ |
| v.              ) | |
| )  | **JURY TRIAL DEMANDED** |
| NATIONAL ENTERPRISE SYSTEMS, INC.,   ) | |
| )  | |
| Defendant.              ) | |

**COMPLAINT**

*JURISDICTION AND VENUE*

1. The jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue is proper in the Northern District of Alabama as Plaintiff's claims arose from acts of Defendant perpetrated therein.

**PRELIMINARY STATEMENT**

2. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and state of Alabama common law claims for negligence and harassment.

## PARTIES

3. Plaintiff is a natural person and is a resident and citizen of Madison County, the state of Alabama, and of the United States.

4. Defendant is a corporation engaged in the business of collecting debts in the state of Alabama. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the *Code of Alabama*, § 40-12-80. The principal purpose of Defendant is the collection of consumer debts using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

5. On or about May 18, 2007, Defendant contacted Plaintiff by telephone at Plaintiff's residence. During this call, Defendant threatened Plaintiff regarding a debt Plaintiff allegedly owed Sears.

6. Plaintiff was threatened by Defendant's collection agent, Samantha ("last name unknown").

7. Defendant demanded that Plaintiff pay the entire balance no later than the following Monday.

8. Defendant further stated that, if Plaintiff did not pay the entire balance by Monday, the matter would be turned over to Defendant's legal department.

9. Defendant became hostile when Plaintiff advised Defendant that Plaintiff would consult with her husband regarding this matter and return Defendant's phone call. Plaintiff hung up the phone because of Defendant's hostility.

10. Immediately thereafter, Defendant called Plaintiff back yelling and asking Plaintiff why she hung up on Defendant.

**GENERALLY**

11. Defendant's harassment forced Plaintiff to retain the services of an attorney regarding this matter.

12. The facts considered, Plaintiff assumes Defendant will continue to pursue the alleged debt. Further, Plaintiff assumes Defendant will continue to violate the Fair Debt Collection Practices Act.

13. Defendant's acts have caused Plaintiff to suffer emotional distress, headaches, mental anguish, and to hire the services of an attorney.

**COUNT I**

**VIOLATIONS OF FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA)**

14. Plaintiff restates and reiterates herein all previous paragraphs.

15. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a.) attempting to collect a debt through harassment;

   b.) continuing to contact Plaintiff in a harassing manner;

   c.) taking illegal actions against Plaintiff;

   d.) failing to provide debtor instructions on validation process;

   e.) failing to provide validation of the debt; and,

   f.) using harassing tactics in an attempt to coerce Plaintiff into paying an unverified debt.

16. As a result of the foregoing, Plaintiff is entitled to declaratory judgment because of Defendant's violations of the FDCPA, and Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

    E.    For such other and further relief as the Court may deem just and proper.

## COUNT II

## NEGLIGENCE

17. Plaintiff restates and reiterates herein all previous paragraphs.

18. Defendant's acts, as described above, were done so negligently and without care or concern for the truth or accuracy of the matter asserted, with disregard for Plaintiff's privacy.

19. Defendant's acts were purposeful to illegally coerce Plaintiff into paying the alleged debt.

20. As a proximate consequence of Defendant's conduct, Plaintiff has been embarrassed, humiliated, emotionally distressed, and forced to hire the services of an attorney.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

    A.    Punitive damages;

    B.    Compensatory damages; and,

    C.    For such other and further relief as the Court may deem just and proper.

## COUNT III

## HARASSMENT

21. Plaintiff restates and reiterates herein all previous paragraphs.

22. Defendant's acts, as described above, were done so negligently and without care or concern for Plaintiff's well being.  Defendant's harassing collection tactics created a hostile environment for Plaintiff.

23. Defendant wrongfully exploited Plaintiff in an attempt to coerce Plaintiff into paying the alleged debt without allowing Plaintiff adequate time to validate this debt.

24. Defendant's communications to Plaintiff were offensive and harassing.

25. As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Punitive damages;

B. Compensatory damages; and,

C. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY submitted this the 10th day of July, 2007.

_____

K. Anderson Nelms
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, AL 36104
(334) 263-7733
fax: (334) 832-4390

**JURY TRIAL DEMANDED**